```
IN THE UNITED STATES DISTRICT COURT
     NORTHERN DISTRICT OF OHIO
          EASTERN DIVISION
```

| | | |
|---|---|---|
| VICKIE DAVIS, | ) | CASE NO. 5:16 CV 1935 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Vickie B. Davis under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 13. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 6.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## Facts

**A.    Background facts and decision of the Administrative Law Judge ("ALJ")**

Davis, who was fifty-four years old at the time of the administrative hearing,[11] has a high school diploma and graduated from the Cleveland Institute of Medical and Dental Assistant[s].[12] She was previously employed as a phlebotomist at University Hospitals.[13]

The ALJ, whose decision became the final decision of the Commissioner, found that Davis had the following severe impairments: status post fracture of left tibula/fibula, anxiety disorder not otherwise specified, dysthymic disorder, degenerative changes of knees, and mild carpal tunnel syndrome.[14]

---

[6] ECF # 11.

[7] ECF # 18 (Commissioner's brief); ECF # 17 (Davis's brief).

[8] ECF # 18-1 (Commissioner's charts); ECF # 17-1 (Davis's charts).

[9] ECF # 16 (Davis's fact sheet).

[10] ECF # INSERT.

[11] ECF # 10, Transcript ("Tr.") at 35.

[12] *Id.* at 37.

[13] *Id.*

[14] *Id.* at 16.

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Davis's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except she cannot climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs, balance, kneel, crouch and crawl; she can frequently handle and finger; and she can perform routine tasks in a low-stress environment (not fast pace, strict quotas, or frequent duty changes), with superficial interpersonal interactions (20 CFR 404.1569a).[15]

Given that residual functional capacity, the ALJ found Davis incapable of performing her past relevant work as a phlebotomist.[16] Applying the medical-vocational grids in Appendix 2 of the regulations, the ALJ found Davis not under a disability.[17]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Davis could perform.[18] The ALJ, therefore, found Davis not under a disability.[19]

---

[15] *Id.* at 19.

[16] *Id.* at 24.

[17] *Id.* at 25.

[18] *Id.*

[19] *Id.*

**B.     Issues on judicial review**

Davis asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Davis presents the following issues for judicial review:

- Whether the ALJ erred when he dismissed Ms. Davis' claim for benefits from December 28, 2011 through October 4, 2012 on the basis of *res judicata* when the decision denying Ms. Davis' previous application for benefits dated July 20, 2012.[20]

- Whether the ALJ erred when he found that Ms. Davis was capable of performing a range of light work activity when the evidence demonstrates that the residuals from Ms. Davis' fracture of her left tibia/fibula preclude her from performing prolonged walking and standing.[21]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is

---

[20] ECF # 17 at 1.

[21] *Id*.

limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[22]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[23] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[24]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Res judicata*

"Prior findings and determinations" made in previous decisions control in any subsequent hearing "unless there is new and material evidence or a showing of 'changed

---

[22] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[23] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[24] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

conditions.'"[25] As *Drummond v. Commissioner of Social Security* provides, it is the burden of the party seeking to escape the *res judicata* effect of the previous findings to introduce substantial evidence of the changed conditions.[26] Indeed, application of *res judicata* in the context of social security proceedings means that a prior finding by the Commissioner is presumed to remain true in a subsequent hearing, with that presumption subject to rebuttal by new material evidence of changed conditions.[27] Significantly, as Magistrate Judge Limbert pointed out in *Senanefes v. Astrue*,[28] the issue of the establishment of a change of conditions that will overcome the *res judicata* attaching to any prior RFC finding is a separate issue from the matter of what evidence is needed to support a new RFC finding.[29] The party seeking to avoid the application of *res judicata* and show changed circumstances must introduce substantial evidence of that change to overcome the presumption in favor of that application.[30] The burden here, therefore, rests with the Commissioner.

---

[25] *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997).

[26] *Id.* at 842.

[27] *Graham v. Astrue*, No. CV 09-06046-SS, 2010 WL 1875669, at *8 (C.D. Cal. May 10, 2010).

[28] *Senanefes v. Astrue*, No. 4:10-CV-2157, 2012 WL 2576399 (N.D. Ohio July 3, 2012).

[29] *Id.*, at *5.

[30] *Munford v. Comm'r of Soc. Sec.*, No. 1:12-CV-2915, 2013 WL 4875073 (N.D. Ohio Sept. 11, 2013) (report and recommendation (ECF # 27) issued Aug. 8, 2013), citing *Drummond*, 126 F.3d at 842.

**B.     Application of standards**

*1.     Analysis*

*a.     Res judicata*

Davis's initially argues that the ALJ erred in dismissing her claim for benefits for the period from December 28, 2011 through October 4, 2012 on the grounds of *res judicata*.³¹

She asserts that although a prior application filed on July 30, 2012 was denied on October 4, 2012, that decision is not part of the current record and the present ALJ did not consider the reasons why the prior application was denied.³² She contends that because that prior application remained subject to reopening for reconsideration for "any reason" for a period of 12 months - or for six months beyond the date of filing of the present application - the ALJ's failure here to consider whether "any reason" existed to reopen the prior application, as well as the failure to include that decision in the current record, deprives the *res judicata* finding of support by substantial evidence.³³

In response, the Commissioner argues that absent a constitutional claim this Court has no jurisdiction to review an agency's decision regarding reopening a claim.³⁴ To that point, the Commissioner notes that Davis here raises no allegation that her due process rights were

---

³¹ ECF # 17 at 10-11.

³² *Id.* at 10.

³³ *Id.* at 11.

³⁴ ECF # 18 at 9 (citing *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Temples v. Comm'r of Social Security*, 515 Fed. App'x 460, 463 (6ᵗʰ Cir. 2013)).

violated, but merely argues that the present finding of *res judicata* should be reversed because the prior decision was not on the record.[35]

In this case the denial at issue was at the initial level of consideration and was not appealed to the Appeals Council.[36] In that regard, under the regulations[37] the "initial determination is binding unless [the claimant requests] a reconsideration within the stated time period, or we revise the initial determination."[38] This Court may entertain a challenge to a decision by the Appeals Council denying review only in cases involving a colorable constitutional claim.[39]

In this case, Davis never sought a reconsideration of that prior decision by the Appeals Council and never asked this ALJ to reopen or reconsider. If, as it appears, jurisdiction of this Court would only arise from alleging a constitutional defect in the administrative proceeding seeking reconsideration of the prior decision, this Court then lacks that jurisdiction because there is no administrative reconsideration proceeding that could be claimed to have included a constitutional error.

---

[35] *Id.*

[36] Tr. at 14.

[37] 20 C.F.R. § 404.905.

[38] *Loesch v. Comm'r of Social Security*, 2014 WL 1683831, at * 1 (E.D. Mich. April 29, 2014)(quoting 20 C.F.R. § 404.905).

[39] *Temple v. Commissioner of Social Security*, 515 Fed. App'x 460, 463 (6th Cir. 2013).

Moreover, even if Davis did not phrase her allegation as such, the form of it essentially appears to be a claim that she should be entitled to have the one-year period for filing a request for reconsideration equitably tolled. So understood, Davis asserts that she failed to comply with the one-year deadline for seeking reconsideration, and so was prejudiced by having her current claim dismissed on grounds of *res judicata*. She reasons that through no fault of her own, the present ALJ failed to include or discuss the previous decision in this record and thereby deprived Davis of an opportunity to determine if there were grounds in the prior decision or in the reasons *res judicata* was applied here to now seek reconsideration of that decision.

To state such a claim is to immediately discern its flaws. To begin with, the first flawed assumption is that Davis did not know and could not know the reasons for the prior decision unless that decision was included in this decision. There is no evidence that this is true, given that Davis would have been sent a copy of that decision when it was issued. Further, the second flawed assumption is that the present ALJ would need to give reasons as to why he was applying *res judicata* in this case. As noted above, the regulations make the original determination binding on subsequent ALJs, without a requirement for stating reasons.

This is not a situation where *Drummond*[40] is directly applicable. *Drummond*, and the administrative rulings explaining it,[41] make it plain that *Drummond* sets forth the principle that the Commissioner will be bound by *res judicata* when he or she has made a decision as to disability "absent changed circumstances."[42] Here, of course, it is the claimant, not the Commissioner, who was found to be bound by a prior decision under a different regulation. And the method for a claimant avoiding the effect of a prior ruling is not a current showing of changed circumstances, but in seeking a reconsideration of the previous ruling.

Accordingly, there was no error in the ALJ dismissing on grounds of *res judicata* claims arising during the period December 28, 2011 through October 4, 2012.

b.  *RFC determination*

Davis here argues that the ALJ erred in finding that she was not fully credible in her accounts of purported difficulties in standing and walking, and then made a finding in the RFC concerning this issue that was without the support of substantial evidence.[43] Davis claims that this finding was also based in part on incorrectly interpreting the notes and opinions of Dr. Richard Masin, O.D., Davis's treating physician. Davis asserts that when Dr. Masin opined in 2012 that she would be capable of walking no more than 2 hours a day until

---

[40] *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997).

[41] See, *Brogan v. Comm'r of Soc. Sec.*, 2015 WL 350387, at * 12 (N.D. Ohio Jan. 23, 2015)(discussing AR 98-3(6) and AR 98-4(6)).

[42] *Brogan*, 2015 WL 350387, at * 12 (quoting *Drummond,* 126 F.3d at 842).

[43] ECF # 17 at 12 (citing tr. at 20).

August 2012, that recommendation was made with the idea that she would continually improve after her surgery - an assumption Davis now states was not realized.[44]

The Commissioner contends, among other things, that in addition to Davis's testimony and the 2012 opinion of Dr. Masin, the ALJ here gave significant weight to two functional opinions from state agency reviewing physicians - both given in 2013 - that opined that Davis was capable of light work with some restrictions.[45] The Commissioner further notes that Davis has not challenged the weight given to these sources and that the RFC in this case is more restrictive than the opinions of the state agency reviewers.[46] The two state agency reviewers had the benefit of considering "most of [Dr. Masin's] records and still concluded that [Davis] could perform light work."[47]

Ultimately, as the Commissioner stated, "x-rays showed that [Davis's] fracture was healed; her treating physician only placed restrictions on her activity until August 2012; and two state agency physicians concluded that she could perform a limited range of light work."[48] Accordingly, and on review of the record as a whole, the RFC finding that Davis could perform light work with specified restrictions is supported by substantial evidence.

---

[44] *Id*. (citing record).

[45] Tr. at 23-24.

[46] ECF # 18 at 13.

[47] *Id*. at 14 fn. 8.

[48] *Id*. at 15.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Davis had no disability. Accordingly, the decision of the Commissioner denying Davis disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: September 29, 2017  s/ William H. Baughman, Jr.
United States Magistrate Judge